IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JAIME MENDOZA, § | |
| § | |
| Plaintiff, § | |
| V. § | Civil Action No. 4:20-cv-154-O |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

## OPINION and ORDER

This case was filed by Bureau of Prisons' ("BOP") inmate/plaintiff Jaime Mendoza ("Mendoza") asserting claims against the United States of America. Complaint 1-5, ECF No. 1. Pending is a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) by defendant United States ("USA") and an appendix thereto (ECF Nos. 14, 15). Mendoza did not file any response. After considering the relief sought by Mendoza, the record, briefing and applicable law, the Court finds that the motion to dismiss must be **GRANTED**.

**I.   BACKGROUND/COMPLAINT**

Mendoza is a federal inmate who was, at the time of filing suit, housed at FMC-Fort Worth. Complaint 7, ECF No. 1. Mendoza filed this case on February 20, 2020. He identifies the Federal Tort Claims Act ("FTCA") as the basis for his claim against the United States and generally alleges that he received inadequate medical care at FMC-Fort Worth. *Id.* at 2-6. As required by the FTCA, Mendoza filed an initial administrative claim with the BOP prior to filing this lawsuit. USA App. (Declaration of Brenda Victor ¶ 3) 4, ECF No. 15.[1] After filing the administrative claim, the BOP's records show that at the time of filing the complaint on February 20, 2020, the BOP had not issued

---

[1] The Court may consider materials outside the pleadings in connection with the motions to dismiss under Federal Rule of Civil Procedure12(b)(1). *See text infra.*

1

a final decision on the relevant administrative claim. *Id.* (Declaration of Brenda Victor ¶ 5). The United States now moves to dismiss the complaint for lack of jurisdiction.

## II. FACTS

The motion to dismiss contains a detailed chronology of the facts based on the BOP's records related to Mendoza's history of filing documents associated with his efforts to exhaust the administrative tort claim. Mot. Dismiss Section II 2-6, ECF No. 14. The Court incorporates by reference that detailed factual chronology herein.

The Court also finds that the uncontested Declaration of Government Information Specialist Brenda Victor is helpful to understand the unique history of Mendoza's administrative tort claim within the BOP:

> I, Brenda Victor, make the following declaration in lieu of affidavit pursuant to 28 U.S.C. § 1746.
>
> 1. I am a Government Information Specialist for the Federal Bureau of Prisons (BOP).
>
> 2. I have personally reviewed the documents attached to this appendix as pages App. 004–035. I either have personal knowledge regarding them or I have confirmed via personal observation that they are what they purport to be as indicated herein. Those documents are true and correct records kept in the ordinary course of business of the BOP. The records were made at or near the time of the event in question, or they were received by the BOP and placed into the business records of the BOP, by a person with personal knowledge regarding the events. It was the ordinary course of business for the BOP to keep and maintain such records.
>
> 3. The BOP received an administrative tort claim from Plaintiff on March 5, 2018. The BOP designated the claim "TRT-SCR-2018-03087." Plaintiff later informed the BOP that he wished to withdraw his claim. On June 1, 2018, the BOP issued a letter to Plaintiff in which it informed him that, in light of Plaintiff's withdrawal, the BOP was denying his claim and closing its file. Because that letter was returned as undeliverable, the BOP sent an identical letter to Plaintiff on June 11, 2018.
>
> 4. On September 12, 2018, the BOP received a new administrative tort claim from Plaintiff. The BOP interpreted the claim as a request for reconsideration of the prior claim and designated the claim "TRT-SCR-2018-03087," the same designation as before. However, the BOP informed Plaintiff that it could not accept Plaintiff's request for reconsideration because he had failed to provide a signature on the claim form. On September 27, 2018, the BOP received the same form from Plaintiff. The

only difference between the form received on September 12, 2018 and the form received on September 27, 2018 is that the latter form is signed. On October 9, 2018, the BOP sent Plaintiff an acknowledgment letter, again assigning the same claim number and stating it was interpreting Plaintiff's claim as a request for reconsideration.

5. On January 2, 2020, the BOP received correspondence from Plaintiff, in which he inquired about an administrative tort claim that he claimed to have mailed to the BOP on May 28, 2019. The BOP has no record of receiving any claim or other correspondence from Plaintiff after September 27, 2018 and before January 2, 2020. In particular, the BOP did not receive any claim from Plaintiff on or around May 28, 2019. On January 21, 2020, the BOP sent Plaintiff a letter acknowledging his correspondence that the BOP received on January 2, 2020. The BOP deemed that correspondence to be "supplemental documentation" for claim "TRT-SCR-2018-03087," the same number assigned previously. The BOP has not denied the reconsideration of the administrative claim numbered "TRT-SCR-2018-03087," which it received from Plaintiff on January 2, 2020.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 23rd day of June, 2020, at Grand Prairie, Texas.

Signed Brenda Victor.

USA App. (Declaration of Brenda Victor ¶¶ 1-5) 3-5, ECF No. 15.

### III.   APPLICABLE LAW

#### A.   Law Applicable to a Motion under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) requires dismissal when a federal district court does not have the right to exercise its limited jurisdiction over the subject matter presented in the complaint. "Federal courts must resolve questions of jurisdiction before proceeding to the merits." *Ashford v. United States*, 463 F. App'x 387, 391-92 (5th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998), *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 283 & n. 6 (5th Cir. 2011), and *Jasper v. FEMA*, 414 F. App'x 649, 651 (5th Cir. 2011)). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking. This is the first principle of federal jurisdiction." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998) (internal quotation marks and citation omitted). "The burden of proof

3

for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted). Courts may consider matters outside the pleadings and attachments thereto in resolving a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). *See Vinzant v. United States*, No. 2:06-cv-10561, 2010 WL 1857277, at *3 (E.D. La. May 7, 2010) (FTCA case) (citing *Ambraco*, *Inc. v. Bossclip B.V.*, 570 F.3d 233, 237-38 (5th Cir. 2009)); *see also Allen v. Schafer,* No. 4:08-cv-120-SA-DAS, 2009 WL 2245220, at *2 (N.D. Miss. July 27, 2009) ("It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts") (citing *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir. 1986)).

### B.     Law Applicable to Exhaustion of Administrative Review

The FTCA provides that the jurisdiction authorized under 28 U.S.C. § 1346(b) for civil actions for loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his employment, is an exclusive remedy against the United States. 28 U.S.C. § 1346(b) (West 2019); 28 U.S.C. § 2679(b)(1) (West 2006). The United States is immune from suit unless it consents to be sued, and the terms of such consent, or waiver of its sovereign immunity, "define [the] Court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976). The Supreme Court has recognized that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian,* 453 U.S. 156, 161 (1981) (citations omitted). The requirement of exhaustion of administrative review "is a jurisdictional requisite to the filing of an action under the FTCA" and cannot be waived. *Gregory*

*v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981) (citations omitted).

This Court's subject-matter jurisdiction over an action against the United States under the FTCA is thus expressly conditioned upon compliance with the language of 28 U.S.C. § 2675(a), which requires that a claimant "shall have first presented the claim to the appropriate federal agency," and either obtain a written denial of the claim or wait six months after its filing at the appropriate agency to deem the agency decision as a final denial. *See* 28 U.S.C. § 2675(a) (West 2006). "Even though the requirements of § 2675 are minimal, an FTCA claimant must nonetheless provide facts sufficient to allow his claim to be investigated and must do so in a timely manner." *Cook v. United States on behalf of U.S. Dep't of Labor*, 978 F.2d 164, 166 (5th Cir. 1992). The statute provides in detail:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment, unless the claimant shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make a final disposition of a claim within six months *after* it is filed shall, at the option of the claimant *any time thereafter*, be deemed a final decision of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).

Thus, the claimant may not bring suit in district court on the claim until the claim has been finally denied by the agency in writing, or the agency has failed to adjudicate the claim within six months of its filing. 28 U.S.C. § 2401(a) (West 2019), 28 U.S.C. § 2675(a) (West 2006); *see Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) (finding the language of § 2675(a) is unequivocal); *see also Reynolds v. United States*, 748 F.2d 291, 292-93 (5th Cir 1984) (finding that a district court was required to dismiss a complaint asserting claims under the FTCA that was filed before the federal agency had sent Plaintiff written notice of denial of administrative claim).

5

The Supreme Court has recognized that strict compliance with the administrative exhaustion procedures outlined in the FTCA is required of a plaintiff who institutes an action against the United States. *See McNeil v. United States*, 508 U.S. 106, 112 (1993) (holding that failure to completely exhaust administrative remedies *prior* to filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion *after* suit is filed). In *McNeil,* the Supreme Court so held even though the plaintiff was a prisoner proceeding *pro se* and the dismissal of the compliant left him with no recourse against the United States given that his six-month window of opportunity to file a new FTCA case had already elapsed. *Id.* at 112-13 ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). As one district court explained, "[a]lthough the result is a harsh one, it is in keeping with the well-established principle that waivers of immunity on behalf of the United States are given a very a narrow construction." *Michalik v. Hermann et al.,* No. Civ. A. 99-3496, 2002 WL 1870054, at * 3 (E.D. La. Aug. 12, 2002).

## IV.     ANALYSIS

Mendoza acknowledges that exhaustion of administrative remedies is a prerequisite to filing an FTCA complaint. Compl. 9, ECF No. 1 ("I have exhausted all required attempts at administrative remedy required under the Federal Tort Claims Act prior to filing this lawsuit."). As noted above, the FTCA itself expressly provides:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "The failure of an agency to make final disposition of a claim within six

months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." *Id.*

Here, the BOP has issued no final denial of the administrative claim it received on January 2, 2020, regarding the medical care Mendoza received at FMC-Fort Worth, which is the care at issue in the instant federal complaint.[2] USA App. (Declaration of Brenda Victor ¶ 5) 5, ECF No. 15. In addition, when Mendoza filed his federal complaint on February 20, 2020, six months had not yet passed from the date the BOP received the analogous administrative claim. Because the passage of time is calculated from the filing date of the administrative claim to the filing date of the federal complaint, Mendoza cannot overcome his failure to exhaust merely by waiting until six months have passed. *See Price*, 69 F.3d at 54 ("An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed."); *see also Gregory*, 634 F.2d at 204 ("Waivers of sovereign immunity must be strictly construed."). In other words, "jurisdiction must exist at the time the complaint is filed." *Gregory*, 634 F.2d at 204. That Mendoza is a *pro se* litigant does not excuse him from meeting this threshold requirement. *Id.* at 201, 204 (affirming dismissal of *pro se* complaint brought before the required six-month waiting period ended). When Mendoza filed his federal complaint, less than two months had passed from the date he filed his administrative complaint alleging the same facts as in the complaint, including his claim that his condition "continued through the present." USA App. 30-33, ECF No. 15; Compl. 1-2, ECF No. 1. In short, Mendoza filed his lawsuit too soon. Consequently, he has failed to exhaust administrative remedies, and this case must be dismissed for lack of jurisdiction.

---

[2] Even if the BOP had issued a final denial, it would have no bearing on the jurisdictional question to the extent the denial was issued after Mendoza filed his complaint. *See Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 283 (5th Cir. 2013) ("Hinojosa filed his complaint just one week after filing his administrative claim, before his administrative claim was denied or six months had passed. Though his administrative claim has since been denied, that has no bearing on the jurisdictional issue.").

The Supreme Court could not have been clearer in *McNeil*: "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit." *McNeil*, 508 U.S. at 113. Likewise, because Mendoza filed suit prematurely under the FTCA, jurisdiction is lacking under that statute and the complaint against the United States must be dismissed.

## V. CONCLUSION AND ORDER

For all of the above and foregoing reasons,

It is therefore **ORDERED** that defendant USA's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 14) is **GRANTED**, such that all Jaime Mendoza's claims against the USA under the Federal Tort Claims Act are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**SO ORDERED** on this **17th day** of **November, 2020.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE